J. B. CHAMON, Appellant, v. CITY AND COUNTY OF SAN FRANCISCO, Respondent.

No. 1907; August 16, 1869.

Pleading.—An Answer That Makes Mere Negative Averments instead of direct denials may sometimes be upheld, since the form of the denial is not material provided it traverses the allegation it was intended to meet.

Riots or Mobs—Destruction of Property.—Where the Complaint in an Action to recover for property destroyed by riots or mobs alleges a specific sum as the amount of the destruction and demands that sum accordingly, and the answer merely "avers that said plaintiff, by reason of that which is mentioned in said plaintiff's complaint, has not sustained or suffered any damages whatever to exceed the sum of ————," mentioning a sum less than that alleged in the complaint, the value of the property destroyed or the amount of the damages, so far as it exceeds the lesser sum, is put in issue.

Riots or Mobs—Destruction of Property.—Where in an Action to recover for property destroyed the defendant does not deny the fact of the destruction but only the amount it is assessed at in the complaint, an offer by the plaintiff at the trial to prove the amount of interest due on the amount so assessed is properly rejected.

Mobs or Riots—Destruction of Property.—The statute of 1868, providing compensation for the destruction of property by riots and mobs, merely gives a right of action against the municipality, without prescribing any rules by which the amount of damages is to be assessed. The common law must be looked to for the measure of damages.

APPEAL from Fourth Judicial District, San Francisco County.

G. W. Tyler & J. R. Jarboe for appellant; J. M. Nougues for respondent.

SANDERSON, J.—This action was brought under the statute of the 27th of March, 1868, providing for the compensation of persons whose property may be destroyed by riots and mobs: Stats. 1868, p. 418. The plaintiff laid his damages at twenty-five thousand dollars. The defendant answered as follows:

"And now comes the defendant and, for answer to plaintiff's complaint, says:

"That defendant is informed, and verily believes the same to be true, that said plaintiff has not, by reason of anything mentioned in said plaintiff's complaint, suffered or sustained damage in the amount of twenty-five thousand dollars, and said defendant therefore, upon such information and belief, denies the same.

"And defendant avers, upon such information and belief, that said plaintiff, by reason of that which is mentioned in said plaintiff's complaint, has not sustained or suffered any damage or damages whatsoever to exceed the sum of two thousand and five hundred dollars, which sum of two thousand and five hundred dollars, and none other, said defendant admits said plaintiff has sustained and suffered by reason of that which is mentioned in plaintiff's complaint, and hereby offers to pay the same."

The pleadings were not verified. At the trial, a jury having been selected and agreed upon, the plaintiff put a witness upon the stand, and asked him what would be the legal interest upon the sum of twenty-four thousand nine hundred and ninety-nine dollars from the date at which the plaintiff had sustained the damages in question, up to the time of the trial.

To this question the defendant objected, and the court sustained the objection.

The plaintiff then rested, and thereupon the defendant did likewise.

The plaintiff then asked the court to instruct the jury as follows:

"Under the pleadings in this cause the plaintiff is entitled to a judgment against the defendant for the sum of twenty-four thousand nine hundred and ninety-nine dollars damages, with interest thereon, from April 15, 1865, at seven per cent per annum, and you are hereby instructed to find a verdict in his favor for that amount."

The court refused to give the instruction.

The plaintiff next asked the court to instruct as follows: "Under the pleadings in this case, the plaintiff is entitled to a judgment against the defendant for the sum of twenty-four thousand nine hundred and ninety-nine dollars, and you are instructed to find a verdict in his favor for that amount."

The court refused the instruction, and, of its own motion, instructed as follows: "Under the pleadings in this cause, the plaintiff is entitled to a judgment for the sum of two thousand five hundred dollars, and you will therefore find a verdict in favor of plaintiff, and against the defendant, for that amount."

To these several rulings the plaintiff duly excepted, and of them all now predicates error.

Two questions are presented: 1st. Whether the answer puts the damages in issue, as to the excess, if any, over two thousand and five hundred dollars; and 2d. Whether legal interest upon the value of the property, from the date of its destruction to the date of the trial, can be included in the recovery of damages.

Neither the complaint nor the answer can be considered as models for imitation, and possibly the imperfections of the latter are due, in a great measure, to the imperfections of the former. Had the complaint been more formal and precise, it is probable that the answer would have been less open to criticism. There is no question, however, but that counsel for the defendant intended to admit that some property of the plaintiff, of the general character described in the complaint, had been destroyed by a mob, but to deny that it was worth

to exceed the sum of two thousand five hundred dollars, or that the plaintiff had sustained damages by reason of the wrongs and injuries complained of, to exceed that amount. Instead of denials he employed negative averments. In Hill v. Smith, 27 Cal. 476, we upheld an answer of that character, holding that the mere form of the denial was not material, provided it directly traversed the allegation which it was intended to meet. Instead of denying that the property alleged to have been destroyed was of the value of twenty-five thousand dollars, or any other sum greater than the sum of two thousand five hundred dollars, he denies that, by reason of the premises, the plaintiff has sustained damages in the sum of twenty-five thousand dollars, but avers that he has not sustained damages to exceed the sum of two thousand five hundred dollars. Do not both forms amount to the same thing? · The latter, I think, under the rule in Hill v. Smith, puts in issue the value of the property, or the amount of the damages, so far as they are laid at more than two thousand five hundred dollars.

The statute under which this action was brought does not, as I consider, establish any rule of damages, and, if the contrary view was taken by the court below, as suggested by counsel, the court was, so far, in error. The statute merely gives a right of action against the city and county for the injury complained of, without prescribing any rules by which the amount of the damages are to be assessed. For the measure of damages we must, therefore, look to the common law. What the measure is, however, is not material to the present purpose. This case was, in effect, submitted to the jury upon the pleadings. The offer of the plaintiff to prove what the interest would have been upon twenty-four thousand nine hundred and ninety-nine dollars was properly rejected, for it assumed that that sum represented the value of the property, which was not the case; besides, the value being given, the interest was a mere matter of computation. Upon the pleadings, the plaintiff was entitled to the verdict which he obtained, and nothing more. Upon the pleadings, the question of interest did not, and could not, arise. Upon the pleadings, the plaintiff was required to go into evidence of value, or take the sum offered by the defendant. Had he

adopted the former mode, the point as to interest might have arisen.

Judgment affirmed.

RHODES, J.—The statute under which the plaintiff proceeds provides, in my opinion, for the recovery of damages for the destruction or injury of corporeal property only. The plaintiff, therefore, is not entitled to recover for the destruction of, or the injury to, the "goodwill" of the newspaper mentioned, even if it were possible for it to have been injured by a mob. The plaintiff alleges that the newspaper, the business and goodwill thereof, and the other personal property mentioned, is of the value of twenty-five thousand dollars; but there is no averment of the separate value of such other property, or of the goodwill of the newspaper. There is no denial, as I construe the answer, that all the property mentioned in that averment is of the value mentioned, and, therefore, the value stands admitted; but as there is no allegation of the value of the property, in respect to which a recovery might be had in this action, the answer will not be construed as admitting that such property was of any value. It was, therefore, incumbent upon the plaintiff to prove the value of that property, if its value was a material fact. If that fact was not material, then it was incumbent on the plaintiff to prove the damages, if he wished to recover more than the amount admitted by the defendant. For these reasons I concur in the judgment.

I concur: Sawyer, C. J.

We dissent: Sprague, J.; Crockett, J.